

Court Plaza North
25 Main Street
P.O. Box 800
Hackensack, NJ 07602-0800
201-489-3000   201-489-1536 fax
—
New York
—
Delaware
—
Maryland
—
Texas
—
Florida

Jason R. Finkelstein
Member
Admitted in NJ and NY

Reply to New Jersey Office
Writer's Direct Line: 201.525.6293
Writer's Direct Fax: 201.678.6293
Writer's E-Mail: JFinkelstein@coleschotz.com

April 11, 2022

**Via Electronic Case Filing**
The Honorable Roanne L. Mann, U.S.M.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York  11201

   Re: <u>Lema et. al. v. Fitzcon Excavation, Inc., et al.</u>
     Civil Action No. 20-cv-2311 (MKB) (RLM)

Dear Judge Mann:

  As the Court is aware, this firm represents Defendants Fitzcon Construction/Ren Corp., Fitzcon Construction G.C. Inc., Fitzcon Excavation Inc., Ronan Fitzpatrick, Cornelius O'Sullivan and Liam O'Sullivan (collectively, the "Fitzcon Defendants"), in the above-referenced matter. This letter is respectfully submitted in opposition to Plaintiffs' letter motion (Dkt. No. 86; the "Motion") requesting that the Court so-order certain subpoenas addressed to a multitude of non-parties (collectively, the "Subpoenas").  For the reasons addressed herein, if the Motion is not denied in its entirety, the Fitzcon Defendants respectfully submit that the overly broad scope of the Subpoenas should, at a minimum, be tailored to more appropriately reflect the pertinent, relevant issues of this case.

  First and foremost, general objection is made to Plaintiffs' request for the issuance of sixteen (16) new Subpoenas less than a month before the current deadline for completing fact discovery, which is April 28, 2022. (Dkt. No. 84.) As Plaintiffs themselves concede in the Motion, other than the two (2) supplemental demands to be made upon JP Morgan Chase Bank and TD Bank, the proposed Subpoenas to the remaining third parties consist of demands upon "subcontractors and site safety agencies *which our clients [Plaintiffs] believe* were associated with Fitzcon projects on which they worked and to *which our clients [Plaintiffs] believe* they submitted contact information in order to work." (Dkt. No. 84 (emphasis added).)  As Plaintiffs' stated basis for these additional Subpoenas came from information already within Plaintiffs' knowledge and are independent of anything elicited from any discovery from the Fitzcon Defendants or third parties, Plaintiffs' late-game attempt to open a significant amount of new, potentially voluminous discovery that could have been sought months ago should be rejected.

  Timing aside, the Fitzcon Defendants do not lay a substantive objection to the new JP Morgan Chase Bank and TD Bank subpoenas that seek banking records for non-appearing defendants Pub Construction/Ren Inc. ("Pub Construction") and Esco Hirf Co. Inc. ("Esco Hirf"). However, the Fitzcon Defendants do object to the scope and substance of the proposed additional

Cole Schotz P.C.

The Honorable Roanne L. Mann
April 11, 2022
Page 2

third party subpoenas directed towards (1) CM and Associates Construction; (2) Rinaldi Group; (3) Sciame Construction LLC; (4) Prevention 137 LLC; (5) OTL Enterprises, LLC; (6) New Line Structure; (7) Menotti Enterprise; (8) ICS Builders Inc.; (9) Gordon & McCarthy Inc.; (10) First Standard Construction Inc. f/k/a C&R Construction/Ren Inc.; (11) Folor Inc.; (12) BKK Safety Corp.; (13) Bahman Agency Inc.; and (14) Noranda Special Projects.  (Dkt. No. 86-3 – 86-16.) All of these additional Subpoenas seek information far beyond the relevant scope of issues in this litigation, and they appear to be nothing more than an improper, invasive fishing expedition intended to harass the Fitzcon Defendants.

As a threshold matter, and in accordance with Federal Rule of Civil Procedure 26, demanded discovery must be relevant to a party's claims or defenses.  Fed. R. Civ. P. 26(b)(1). Specifically, under Rule 26(b), "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id.*; *see also Pearlstein v. BlackBerry Unlimited*, 332 F.R.D. 117, 120 (S.D.N.Y. 2019) (quoting *Blagman v. Apple, Inc.*, 2014 WL 1285496, at *4 (S.D.N.Y. Mar. 31, 2014) ("Nevertheless, '[d]iscovery may be curtailed where the information sought would be unreasonably cumulative or duplicative or when 'the burden or expense of the proposed discovery outweighs its likely benefit.'")).

Particularly as it concerns discovery sought from third parties, "[t]hough the ambit of relevance under Rule 26 is broad, it is not unlimited, and a non-party especially should not be burdened with preparation for a broader array of topics than is proportional to the needs of the case."  *Pearlstein*, 332 F.R.D. at 121 (granting motion to limit scope of requested third party discovery).  *See also Sahu v. Union Carbide Corp.*, 262 F.R.D. 308, 317 (S.D.N.Y.) ("As a general matter, courts are more sensitive to the burdens on discovery when they would be placed on third parties."); *Concord Boat Corp. v. Brunswick Corp.*, 169 F.R.D. 44, 50 (S.D.N.Y. 1996) ("[t]o the extent a subpoena sweepingly pursues material with little apparent or likely relevance to the subject matter it runs the greater risk of being found overbroad and unreasonable.").

Here, the Subpoenas make sweeping, unduly burdensome demands upon fourteen (14) third party entities.  The scope of the Subpoenas is clearly disproportionate to the needs of this case, as they seek, among other things, all "documents" (as broadly defined therein) concerning or relating to:

- The names, addresses, phone numbers and/or emails of "any person" performing services at "any job site" where any of the Fitzcon Defendants, Pub Construction, Esco Hirf *or Jemzn Construction Inc.* (collectively defined in the Subpoenas as the "Contractors") *ever performed* any services;
- All communications with any of the Contractors concerning any people who performed services for them;
- All agreements with any of the Contractors; and

Cole Schotz P.C.

The Honorable Roanne L. Mann
April 11, 2022
Page 3

- Any payroll paid by any of the Contractors.

[Dkt. No. 86-3 – 86-16.]

First, as this case is presently constituted, the Court-approved class collective consists only of certain laborers who worked for any of the corporate Fitzcon Defendants, Pub Construction and/or Esco Hirf, from any point *on or after February 4, 2018*. (Dkt. No. 71.) The lack of any temporal limitation in the Subpoenas – essentially extending over an indefinite period of time – is thus clearly problematic and seeks documents and information well beyond the scope of Plaintiffs' class collective. To the extent any of the subpoenaed parties have responsive documents, it runs the genuine risk of requiring disclosure of individuals who are nevertheless barred from joining Plaintiffs' collective, thereby defeating the purpose of Plaintiffs' demands in the first place.

Second, to the extent any of the Contractors (namely the Fitzcon Defendants) had any contracts or other agreements with the subpoenaed parties, such documents have no bearing on Plaintiffs' wage-and-hour claims asserted in this case, nor would they reasonably identify potential class collective members. Again, this exposes the lack of utility of the Subpoenas.

Finally, objection is made to the Subpoenas to the extent they seek any information concerning non-party Jemzn Construction Inc. ("Jemzn"), regardless of the stated time period or substance of the documents requested. While Plaintiffs have contemporaneously filed a motion seeking leave to amend their pleadings and add Jemzn as a party (the merits of which will be addressed separately) (Dkt. No. 87), the fact remains that Jemzn, at this juncture, is *not* a party to the case, the class collective does not involve Jemzn, and Jemzn has not had an opportunity to either respond to any pleading asserted against it or voice objection to the issuance of any of the Subpoenas seeking detailed information from third parties about its operations and its employees, if any. If or when Jemzn is made a party to this case (which, the Fitzcon Defendants, respectfully submit should not occur), Plaintiffs' rights and efforts to seek discovery from and about Jemzn can be appropriately considered. But at this time, respectfully, any such considerations are entirely premature, and any reference in the Subpoenas to Jemzn must consequently be removed.

For these reasons, and those to be addressed in further detail to the extent the Court entertains oral argument, the Fitzcon Defendants respectfully submit that Plaintiffs' Motion should be denied, either in whole or in part, for the reasons as aforesaid.

Very truly yours,

*/s/ Jason R. Finkelstein*

Jason R. Finkelstein