UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
CARLOS LEMA, et al.,

         Plaintiffs,         MEMORANDUM
                      AND ORDER

     -against-            20-CV-2311 (MKB)

FITZCON CONSTRUCTION/REN CORP.,
et al.,

          Defendants.
-----------------------------------------------------------------x

ROANNE L. MANN, UNITED STATES MAGISTRATE JUDGE:

    Currently pending before this Court are two motions filed by plaintiffs on April 5, 2022, in

this wage and hour action.   First, plaintiffs seek permission to file a Fifth Amended Complaint to

add two new defendants and class action claims.   See Letter Motion to Amend (Apr. 5, 2022)

("Mot. to Amend"), Electronic Case Filing Docket Entry ("DE") #87.   Defendants Fitzcon

Construction/Ren Corp., Fitzcon Construction G.C. Inc., Fitzcon Excavation Inc., Ronan

Fitzpatrick, Cornelius O'Sullivan and Liam O'Sullivan ("the Fitzcon defendants") oppose the request

on the grounds that the proposed amendments are untimely, and in some respects, prejudicial and

futile.   See Response in Opposition (Apr. 12, 2022) ("Def. Opp."), DE #89.   In the second

motion, plaintiffs request that the Court so-order sixteen subpoenas to be served on non-parties.   See

Letter Motion for Discovery to so-order subpoenas on third parties (Apr. 5, 2022) ("Mot. re

Subpoenas"), DE #86.   The Fitzcon defendants oppose that application on grounds of timeliness and

relevance.   See Reply in Opposition (Apr. 11, 2022) ("Subpoena Opp."), DE #88.   For the

following reasons, the Court grants plaintiffs' motion to amend in large part[1] and denies without prejudice plaintiffs' request that the Court so-order fifteen of their sixteen subpoenas.

## BACKGROUND

On May 22, 2020, plaintiff Carlos Lema commenced this action against defendants Fitzcon Excavation Inc., Pub Construction/Ren Inc. ("Pub"), Esco Hirf Co Inc. ("Esco"), Ronan Fitzpatrick, Connie O'Sullivan and Liam O' Sullivan, alleging claims for, *inter alia*, unpaid overtime wages under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), and the New York Labor Law § 650 *et seq.* ("NYLL").[2] See Complaint (May 22, 2020) ("Compl."), DE #1. On August 11, 2020, plaintiff Lema filed an amended complaint, adding as defendants Fitzcon Construction/Ren Corp. and Fitzcon Construction G.C. Inc. See Amended Complaint (Aug. 11, 2020), DE #15. At the initial conference held in this matter on November 18, 2020, the Court set December 18, 2020 as the deadline by which the parties could amend the pleadings and/or add parties without seeking further leave of court. See Minute Entry (Nov. 18, 2020), DE #27. Accordingly, on December 18, 2020, Lema filed a second amended complaint, adding as named plaintiffs Byron Quintuna and Gregorio Vasquez. See [Second] Amended Complaint (Dec. 18, 2020), DE #28. At a status conference held on January 8, 2021, this Court, with the Fitzcon

---

[1] Courts in this Circuit typically treat motions to amend as non-dispositive pretrial motions. See Jhagroo v. Brown, 1:16-cv-03426 (MKV) (SDA), 2020 WL 3472424, at *2 & n.1 (S.D.N.Y. June 25, 2020) (denying motion for leave to amend on futility grounds in an Opinion and Order); United States ex rel. Five Star Elec. Corp. v. Liberty Mut. Ins. Co., 15-CV-4961 (LTS) (JLC), 2020 WL 2530180, at *1 & n.1 (S.D.N.Y. May 19, 2020) (same); Xie v. JP Morgan Chase Short-Term Disability Plan, 15 Civ. 4546 (LGS), 2018 WL 501605, at *1 (S.D.N.Y. Jan. 19, 2018) (treating magistrate judge's recommendation to deny motion to amend on futility grounds as "nondispositive matter" and applying "clearly erroneous" standard). Here, that aspect of the Court's memorandum and order that denies plaintiffs' motion rests on timeliness grounds.

[2] Pub and Esco have never appeared in this action.

2

defendants' consent, granted plaintiffs leave to file a third amended complaint to assert claims for retaliation under the FLSA and NYLL on behalf of plaintiff Vasquez.   See Minute Entry (Jan. 8, 2021), DE #40; [Third] Amended Complaint (Jan. 8, 2021), DE #37.   On March 30, 2021, the Court granted plaintiffs' request for leave to file a fourth amended complaint to add as plaintiffs Henry Quintuna, Gilberto Ramirez, Marco Ortiz and Jorge Urgilez.   See Order (Mar. 30, 2021); [Fourth] Amended Complaint (Mar. 31, 2021), DE #65.

In their pending motion to amend, plaintiffs seek to justify their delay in moving to add new defendants and claims, arguing that the proposed amendments arise from recent deposition testimony and documents received pursuant to subpoenas, which were so-ordered by the Court on January 26, 2022.   The Fitzcon defendants object to plaintiffs' proposed amendments on grounds of timeliness, undue prejudice and/or futility.   Regarding plaintiffs' request for so-ordered subpoenas, plaintiffs explain that they seek additional third-party discovery related to the Fitzcon defendants and non-appearing defendants Pub and Esco, in order to identify potential opt-in plaintiffs.   The Fitzcon defendants argue that the subpoenas are untimely and overbroad.

## DISCUSSION

### I.   Motion to Amend

#### A.   Rule 16

Plaintiffs' motion to amend ignores the first part of the governing legal standard for assessing such a request.   Where, as here, a court has set a scheduling order pursuant to Rule 16 of the Federal Rules of Civil Procedure (the "FRCP"), the court must first address whether the party seeking to amend has shown "good cause" for modifying that scheduling order.   See Fed. R. Civ. P. 16(b)(4); Kassner v. 2nd Ave. Delicatessen, Inc., 496 F.3d 229, 243-44 (2d Cir. 2007); accord

3

Gullo v. City of N.Y., 540 F.App'x 45, 46-47 (2d Cir. 2013) (affirming denial of untimely motion to amend to name defendant officers).   One purpose of Rule 16 is to "offer a measure of certainty in pretrial proceedings, ensuring that 'at some point both the parties and the pleadings will be fixed.'" Parker v. Columbia Pictures Indus., 204 F.3d 326, 340 (2d Cir. 2000) (quoting Fed. R. Civ. P. 16 advisory committee's note to 1983 amendment).

Rule 16 allows a party to obtain a modification of a scheduling order "only for good cause and with the judge's consent."   Fed. R. Civ. P. 16(b)(4).   If the party seeking the amendment satisfies the "good cause" standard of Rule 16, the court then determines whether the movant has also met the liberal standards of Rule 15 of the FRCP.   See Kassner, 496 F.3d at 244.   Although Rule 15(a) provides that a court "should freely give leave [to amend] when justice so requires[,]" Fed. R. Civ. P. 15(a)(2), even under that liberal standard, leave to amend may be denied "for good reason, including futility, bad faith, undue delay or undue prejudice to the opposing party[,]" McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 200 (2d Cir. 2007) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)).

It is the movant's burden to establish good cause under Rule 16.   See Parker, 204 F.3d at 340; Nairobi Holdings Ltd. v. Brown Bros. Harriman & Co., No. 02 Civ. 1230(LMM), 2006 WL 2242596, at *3 (S.D.N.Y. Aug. 3, 2006).   "Whether good cause exists turns on the diligence of the moving party."   Holmes v. Grubman, 568 F.3d 329, 335 (2d Cir. 2009) (internal quotations and citations omitted).   "A party has not acted diligently where the proposed amendment to the pleading is based on information 'that the party knew, or should have known,' in advance of the deadline sought to be extended."   Owens v. Centene Corp., 20-CV-118 (EK), 2021 WL 878773, at *3 (E.D.N.Y. Mar. 9, 2021) (quoting Perfect Pearl Co., Inc. v. Majestic Pearl & Stone, Inc., 889

F.Supp.2d 453, 457 (S.D.N.Y. 2012)); see Sokol Holdings, Inc. v. BMB Munai, Inc., No. 05 Civ.

3749(KMW)(DF), 2009 WL 2524611, at *8 (S.D.N.Y. Aug. 14, 2009) (collecting cases), aff'd,

2009 WL 3467756 (S.D.N.Y. Oct. 28, 2009).   Although diligence is the primary focus of a "good

cause" analysis, a court may, in its discretion, also consider other factors, such as whether "allowing

the amendment of the pleading at this stage of the litigation will prejudice defendants."   Kassner,

496 F.3d at 244.   Thus, if plaintiffs were previously aware of the facts underlying their proposed

claims, it is well established that they have not demonstrated "good cause" under Rule 16(b).   See

Parker, 204 F.3d at 340–41.

  In this case, it is undisputed that, in accordance with Rule 16, the Court set a deadline of

December 18, 2020 for the parties to amend their pleadings and/or add new parties.   Consequently,

Rule 16 governs this dispute, and the Court need not decide whether plaintiffs have satisfied the

liberal standard of Rule 15(a) unless plaintiffs first establish "good cause" under Rule 16 for seeking

to amend their fourth amended pleading after the expiration of the court-ordered deadline.   See

Ahmed v. Astoria Bank, No. 14–CV–4595 (JBW), 2015 WL 4394072, at *2 (E.D.N.Y. July 16,

2015).   The Court concludes that plaintiffs have demonstrated good cause with respect to some, but

not all, of the proposed amendments; therefore, for the reasons described below, the Court grants in

substantial part and denies in limited part plaintiffs' motion to file a Fifth Amended Complaint.   See,

e.g., Boyd v. Pinnacle Athletic Campus, LLC, 19-CV-6795W, 2022 WL 419348, at *4-6

(W.D.N.Y. Feb. 11, 2022) (in FLSA action, court allows only those amendments as to which

plaintiffs acted with diligence in seeking leave to amend after the expiration of the court-ordered

deadline for amendments), adopted, 2022 WL 669169 (W.DN.Y. Mar. 7, 2022); Bryan v.

Commack Union Free Sch. Dist., 18-cv-7249 (RRM) (PK), 2021 WL 633751, at *4, *7 (E.D.N.Y.

Feb. 18, 2021) (finding good cause and permitting amendment of Title VII complaint, but only in connection with matters that occurred after the expiration of the deadline for amending the pleadings); Goldman v. Reddington, 18-CV-3662 (RPK) (ARL), 2021 WL 4099462, at *3, *5 (E.D.N.Y. Sept. 9, 2021) (in defamation case, court allows amendments of counterclaims and affirmative defenses only to the extent that defendant established good cause for her delay in amending).

        1.    *Connor Quinn*

    First, plaintiffs seek to add Connor Quinn as a defendant over defendants' objection, but fail to address the good cause standard required by Rule 16.   See Pl. Mot. at 2.   The basis for plaintiffs' request to join Quinn as a defendant is that he was identified by plaintiff Gilberto Ramirez at his deposition "as a person with authority over him while [Ramirez] was employed by Defendants."   Id.   Plaintiffs have offered no explanation as to why they could not, with diligence, have identified Connor Quinn as a defendant at a much earlier stage of the proceedings; as defendants correctly observe, see Def. Opp. at 2, Ramirez has been a plaintiff in this action since March 31, 2021.   Accordingly, as to Connor Quinn, plaintiffs have not shown good cause to excuse their violation of the deadline for amending the pleadings and adding parties.   See Gullo, 540 F.App'x at 47 (denying amendment to add defendants who were identified in discovery before deadline to amend); Charles v. City of New York, No. 11 Civ. 2783(AT)(RLE), 2015 WL 756886, at *2 (S.D.N.Y. Feb. 20, 2015) (same).

        2.    *Class Action Allegations*

    As more fully explained in plaintiffs' pending request that the Court so-order certain subpoenas to non-parties, plaintiffs identified potential class members based on a review of

documents obtained pursuant to subpoenas that this Court so-ordered on January 26, 2022.   See

Mot. re Subpoenas at 1-2.   Accordingly, plaintiffs have demonstrated that recently obtained

discovery has enabled them to assert new class action allegations.   In the absence of anything more

than a cursory objection from defendants as to timeliness (see Def. Opp. at 3), plaintiffs' request to

add Rule 23 class action allegations is granted.

### 3.   *Jemzn Construction*

In addition, plaintiffs seek to join Jemzn Construction Inc. ("Jemzn") as a defendant and to

add claims for de facto merger, mere continuation and alter ego liability, based on the theory that

Jemzn is a successor entity to the corporate Fitzcon defendants.   See Mot. to Amend at 3.   The

Fitzcon defendants oppose plaintiffs' request on the grounds that, *inter alia*, plaintiffs have unduly

delayed their proposed amendment because they rely on information that has been publicly available

"for a substantial time."   Def. Opp. at 3.   Nevertheless, defendants ignore plaintiffs' explanation

that their review of public records was triggered by "information provided by third parties,"

presumably the information recently obtained pursuant to subpoena.   See Mot. to Amend at 2.

Moreover, the public records upon which plaintiffs rely are not of long standing—a Jemzn general

contractor license bears a registration date of August 18, 2021, although there is no indication as to

when the record became publicly available (DE #87-3).   In any event, the affidavits of defendants

Ronan Fitzpatrick and Cornelius O'Sullivan, which state that defendant Fitzcon Construction/Ren

Corp ceased operations in early 2020, were filed in a Southern District of New York case on March

11, 2022, see DE #87-5, and those averments are inconsistent with other discovery produced by the

Fitzcon defendants, reflecting that Fitzcon Construction/Ren Corp employed workers until at least

March 2021, see DE #87-7.   Notably, plaintiffs requested leave to amend within only approximately

7

three weeks of the filing of the affidavits in the Southern District of New York.   Nothing in the

records suggests that plaintiffs were or should have been aware of the facts underlying the proposed

claims against Jemzn until last month.

Courts routinely find that a party acted diligently under Rules 15 and 16 where the basis for

the claim arose several months before the party requested the amendment.   See, e.g.,   Bryan, 2021

WL 633751, at *4 (finding no delay in adding retaliation claims even though plaintiff waited six

months after basis for claim arose); Scott v. Chipotle Mexican Grill, Inc., 300 F.R.D. 193, 199

(S.D.N.Y. 2014) (finding that plaintiffs demonstrated diligence and good cause despite having

waited three months after opt-in period closed before moving to file a single further amended

complaint).   Moreover, since the new factual allegations regarding Jemzn would have been known

to the Fitzcon defendants, there is no risk of unfair surprise or undue prejudice.   See Eberle v.

Town of Southampton, 985 F.Supp.2d 344, 347 (E.D.N.Y. 2013) (in exercising its discretion under

Rule 16(b), court may consider, in addition to good cause for the delay, other factors such as

prejudice).   As such, despite plaintiffs' untimely request to amend, the Court finds that plaintiffs

were diligent and thus have demonstrated good cause to amend the pleading to add Jemzn as a

defendant.

B.    Rule 15

Notwithstanding plaintiffs' showing of good cause, plaintiffs must nonetheless demonstrate

that the proposed amendments are permissible under Rule 15.   Pursuant to Rule 15, courts

ordinarily should grant leave to amend in the absence of bad faith by the moving party, undue

prejudice or futility.[3]   See Aetna Cas. & Sur. Co. v. Aniero Concrete Co., Inc., 404 F.3d 566, 603-04 (2d Cir. 2005); Friedl v. City of New York, 210 F.3d 79, 87 (2d Cir. 2000).   Leave to amend may be denied based on futility where the proposed amendment would not survive a motion to dismiss.   See Lucente v. IBM Corp., 310 F.3d 243, 258 (2d Cir. 2002); Hadid v. City of New York, 182 F.Supp.3d 4, 12 (E.D.N.Y. 2016).   Generally, on a motion to amend, the court accepts the factual allegations in the proposed amended complaint as true, and does not consider any evidence except that which is included in or incorporated by reference in the amended complaint. See Nettis v. Levitt, 241 F.3d 186, 194 n.4 (2d Cir. 2001) ("Determinations of futility are made under the same standards that govern Rule 12(b)(6) motions to dismiss."), overruled on other grounds, Slayton v. Am. Exp. Co., 460 F.3d 215 (2d Cir. 2006); Seemann v. Coastal Env't. Grp., Inc., 219 F.Supp.3d 362, 367 (E.D.N.Y. 2016).

Here, the Fitzcon defendants argue that plaintiffs' proposed claims against Jemzn for de facto merger, mere continuation and alter ego liability are futile because plaintiffs no longer worked for defendants when Jemzn began operating.   See Def. Opp. at 3.   In fact, the proposed amended pleading alleges that defendants Fitzpatrick, Cornelius, Liam and Quinn incorporated Jemzn as a successor entity to the Fitzcon corporate entities on August 13, 2020, and that plaintiff Vasquez worked for defendants until December 23, 2020.   See Proposed Fifth Amended Complaint (Apr. 5,

---

[3] Although plaintiffs characterized their motion as one to amend, since plaintiffs seek to add new parties, Rules 20(a) and 21 are also implicated.  However, "[i]n practical terms there is little difference between" the three rules.  See Ferrara v. Smithtown Trucking Co., Inc., 29 F.Supp.3d 274, 279 n.3 (E.D.N.Y. 2014) (quoting Oneida Indian Nation v. Cnty. of Oneida, 199 F.R.D. 61, 72 (N.D.N.Y. 2000)); Nielsen Co. (US), LLC v. Success Sys., Inc., No. 11 Civ. 2939(BSJ)(FM), 2012 WL 3526625, at *5 (S.D.N.Y. Aug. 13, 2012) (collecting cases); see also Lawrence v. Starbucks Corp., No. 08 Civ. 3734(LTS)(JCF), 2009 WL 4794247, at *3 n.4 (S.D.N.Y. Dec. 10, 2009) ("Although the Second Circuit has not spoken directly on the issue, courts have found that the good cause standard of Rule 16 should be applied to requests to add parties under Rule 21 after a deadline in a scheduling order.").

2022) ("Proposed Fifth Am. Compl.") ¶¶ 50, 122, DE #87-1; see also id. ¶ 53 ("from August 13,

2020 through March 15, 2021 the Companies began transferring operations to Jemzn").   Further,

although the Fitzcon defendants note that the Assignment Agreement, by which Fitzcon

Construction/Ren assigned a subcontract to Jemzn, is dated January 11, 2021, see Def. Opp. at 3,

plaintiffs cited the Assignment Agreement as only "[o]ne specific example" of the transfer of

operations, which began on August 13, 2020, see Proposed Fifth Am. Compl. ¶¶ 53-54.   Likewise,

the Fitzcon defendants rely on the fact that Jemzn was not registered with the NYC Department of

Buildings until August 18, 2021.   See Def. Opp. at 3.   However, the timing of Jemzn's registration

is not inconsistent with plaintiffs' allegations that Jemzn was not maintained as a "separate corporate

entit[y]" from the other defendants but was "merely [a] fragment[] of a larger business."   Proposed

Fifth Am. Compl. ¶¶ 206-207.

        In any event, the Fitzcon defendants' futility arguments effectively treat plaintiffs' theory of

liability against Jemzn as alleging direct liability, rather than successor liability.   Even if Jemzn was

not in existence when plaintiffs' employment ended, Jemzn may nevertheless be liable as a successor

for its predecessor's wage and hour violations.   See Lin v. Toyo Food, Inc., Case No. 12-CV-7392

(KMK), 2016 WL 4502040, at *5 (S.D.N.Y. Aug. 26, 2016) (where plaintiff sought leave to amend

complaint to add purported successor entity, court rejects as "irrelevant" defendants' futility

argument that "Plaintiffs' dates of employment ended before the sale to [the successor entity]");

Gallo v. Wonderly Co., Inc., Civ. No. 1:12–CV–1868 (LEK/RFT), 2014 WL 36628, at *13-14

(N.D.N.Y. Jan. 6, 2014) (in Title VII case, allowing amendment to add new defendant based on

successor liability where new company was formed after plaintiff was terminated); Alvarez v. 40

Mulberry Rest., Inc., No. 11 Civ. 9107(PAE), 2012 WL 4639154, at *6 (S.D.N.Y. Oct. 3, 2012)

10

(holding that a reasonable jury could find successor liability against corporation that opened restaurant after plaintiff's employment ended); see also Nettis, 241 F.3d at 194 (vacating district court finding that allegations of successor liability were insufficient, in light of "the liberality due when the issue is the addition of defendants to the complaint").   Therefore, the Fitzcon defendants have failed to establish as a matter of law that plaintiffs' proposed claims against Jemzn would not survive a motion to dismiss.

Defendants further contend that plaintiffs' proposed successor claims are premature prior to a finding of liability.   See Def. Opp. at 3.   To be sure, plaintiffs could wait until post-judgment to pursue claims against Jemzn, but they are not required to do so.   The purpose of freely permitting the joinder of parties and amendment of pleadings is to promote judicial efficiency.   See Sly Magazine, LLC v. Weider Publ'ns L.L.C., 241 F.R.D. 527, 532 (S.D.N.Y. 2007) ("Under Rule 21, courts must consider judicial economy and . . . how the amendment would affect the use of judicial resources . . . .") (internal quotation marks and citation omitted); Sorenson ex rel. Sorenson v. City of N.Y., No. 98 CIV. 3356(HB), 1999 WL 199066, at *2 (S.D.N.Y. Apr. 9, 1999) ("Judicial economy alone justifies granting the plaintiff's motion [for leave to amend under Rule 15(a)].").   Although "[d]efendants are correct that a successor liability claim can be pursued in a separate suit," permitting this proposed amendment "would promote judicial economy by ensuring that any party who, in addition to the currently-named [d]efendants, may be liable to [p]laintiffs for the alleged violations is a party to this [a]ction."   Lin, 2016 WL 4502040, at *3; cf. JPMorgan Chase Bank, N.A. v. IDW Grp., LLC, No. 08 Civ. 9116(PGG), 2009 WL 1357946, at *4 n.2 (S.D.N.Y. May 12, 2009) ("Moreover, the possibility that IDW and Edsparr may be held jointly and severally liable for certain damages weighs in favor of joining Edsparr as a defendant.").

11

Finally, the Fitzcon defendants have not identified any prejudice they would suffer from the addition of claims against Jemzn and, as discussed above, none is apparent given the posture of the case, as fact discovery has not closed (see 4/22/22 Order).   See Cook v. City of New York, 243 F.Supp.3d 332, 356 (E.D.N.Y. 2017) (in granting amendment to add new defendants and claims, observing that "no motions for summary judgment or motions to dismiss have been filed and a trial date has not yet been set, events which would indicate that the parties have progressed far beyond the stage of discovery").

In sum, plaintiffs' request to add Connor Quinn as a defendant is denied as untimely and their requests to add Rule 23 class allegations and claims against Jemzn are granted.

## II.   Subpoenas

By letter dated April 5, 2022, plaintiffs ask that the Court so-order certain subpoenas to be served on third parties.   Pursuant to the prior round of so-ordered subpoenas, plaintiffs obtained documents from third parties, including JPMorgan Chase Bank and TD Bank, concerning non-appearing defendants Pub and Esco.   See Mot. re Subpoenas at 1.   Since those documents comprised only a sampling of checks and deposits from the relevant time period, plaintiffs now seek the remaining checks and deposit records from JPMorgan Chase Bank and TD Bank.   See id. at 2. In addition, plaintiffs propose to serve subpoenas on various entities that may have used employees of the Fitzcon defendants, Pub and/or Esco, as well as subpoenas on subcontractors and site safety agencies that may have been associated with Fitzcon projects.   See id.   Defendants oppose plaintiffs' request on various grounds, including timing, relevance and burden.   See Subpoena Opp.

As an initial matter, it is well established that absent a claim of privilege or a personal right with regard to the subpoenaed information, a party lacks standing to object to subpoenas directed at

12

third parties.   See In re Subpoenas Served on Lloyds Banking Grp. PLC, 21-MC-00376 (JGK)(SN),

2021 WL 3037388, at *2 (S.D.N.Y. July 19, 2021), aff'd, 2021 WL 5708721 (S.D.N.Y. Nov. 26,

2021); Sky Med. Supply Inc. v. SCS Support Claim Servs., Inc., CV 12-6383 (JFB) (AKT), 2017

WL 1133349, at *5 (E.D.N.Y. Mar. 24, 2017).   Therefore, defendants lack standing to challenge

the subpoenas at issue on the grounds of irrelevance and undue burden.   See In re Subpoenas Served

on Lloyds, 2021 WL 3037388, at *3.

Regarding defendants' complaint about the timing of plaintiffs' request as the discovery

deadline approached, plaintiffs' application was filed with the Court prior to the close of fact

discovery.   Under the circumstances of this case, the Court concludes that plaintiffs' motion is

timely.   See generally Owen v. No Parking Today, Inc., 280 F.R.D. 106, 112 (S.D.N.Y. 2011).

The parties recently filed a joint motion for an extension of fact discovery, see Joint Motion for

Extension of Time to Complete Discovery (Apr. 22, 2022), DE #90, and the fact discovery deadline

has been adjourned sine die, see 4/22/22 Order.

Notwithstanding the above, upon the Court's examination of the subpoenas at issue, all but

the subpoena to TD Bank, DE #86-1, are overbroad as to their temporal scope.   See, e.g., Subpoena

to JPMorgan Chase, DE #86-2 ("All checks written on account related to account number

xxxxxxxxxx held by Pub Construction/Ren Inc."); Subpoena to CM and Associates Construction,

DE #86-3 ("All documents evidencing the names, addresses, phone numbers and/or emails of any

person who performed services for [defendants or Jemzn] at any job site where any of the

Contractors performed services for you directly or as a subcontractor . . . .").   The Court declines

to so-order document subpoenas without any temporal limits.   See Mackey v. IDT Energy, Inc., 19

Misc. 29(PAE), 2019 WL 2004280, at *5 (S.D.N.Y. May 7, 2019) (limiting scope of subpoena to

relevant time period); <u>Eastman Kodak Co. v. Camarata</u>, 238 F.R.D. 372, 377 (W.D.N.Y. 2006) ("the subpoenas should be limited in time frame").   Accordingly, other than the TD Subpoena, which the Court will so-order, plaintiffs must resubmit the subpoenas with appropriate time limits.

<u>CONCLUSION</u>

For the foregoing reasons, plaintiffs' motion to amend is granted in large part; the subpoena directed to TD Bank is so-ordered; and plaintiffs' request that the Court so-order the remaining fifteen subpoenas is denied without prejudice.

**SO ORDERED.**

**Dated:**    **Brooklyn, New York**
        **May 3, 2022**

/s/  *Roanne L. Mann*

**ROANNE L. MANN**
**UNITED STATES MAGISTRATE JUDGE**

14