K<small>ATZ</small>M<small>ELINGER</small>
370 L<small>EXINGTON</small> A<small>VENUE</small>, S<small>UITE</small> 1512
N<small>EW</small> Y<small>ORK</small>, N<small>EW</small> Y<small>ORK</small> 10017
www.katzmelinger.com

| | |
|---|---:|
| Nicole Grunfeld | t: 212.460.0047 |
| Katz Melinger PLLC | f: 212.428.6811 |
| | ndgrunfeld@katzmelinger.com |

January 24, 2024

**V<small>IA</small> ECF**
Honorable Sanket J. Bulsara
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:   *Lema v. Fitzcon Excavation, Inc. et al*
              **Civil Action No. 1:20-cv-2311-MKB-SJB**

Your Honor:

      We are counsel for plaintiffs Carlos Lema, Byron Quintuna, Gregorio Vasquez, Henry Quintuna, Gilberto Ramirez, Marco Ortiz, Jorge Urgilez, and Jose Jesus Pichon Juarez, and write jointly with counsel for defendants Fitzcon Construction/Ren Corp., Fitzcon Construction G.C. Inc., Fitzcon Excavation Inc, Ronan Fitzpatrick, Cornelius O'Sullivan a/k/a Connie O'Sullivan, and Liam O'Sullivan[1] (collectively, the "Fitzcon Parties"), to seek approval of the parties' agreement to settle Plaintiffs' claims, which include alleged failure to pay overtime wages and for alleged retaliation in violation of the Fair Labor Standards Act ("FLSA") and the New York Labor Law §§ 190 et seq. and 650 et seq. ("NYLL"); for alleged failure to timely pay wages under NYLL § 191(1)(a)(i); and for alleged wage statement and payroll notice violations pursuant to NYLL §§ 195 (1) and (3). The parties write to respectfully request that the Court approve the parties' settlement agreement, a copy of which is submitted herewith, and allow the parties to discontinue the matter with prejudice pursuant to Fed. R. Civ. P. 41.

      As explained in further detail below, the parties respectfully aver that the proposed settlement agreement is fair, reasonable, and equitable.

**Background**

      Plaintiffs allege that they were employed by defendants in various construction-related positions for various amounts of time from in or around 2012 until in or around March 2021. Plaintiffs allege that, although they all regularly worked more than forty (40) hours per week

---

[1] Defendants Pub Construction/Ren Inc. and Esco Hirf Co Inc. have not appeared in this matter and are currently in default.

throughout their employments, defendants compensated them at a fixed hourly rate for all hours worked, including those over forty (40) per week.

Plaintiffs allege that the defendants violated the FLSA and NYLL by failing to compensate Plaintiffs overtime wages and failed to provide them with payroll notices and accurate wage statements as required under NYLL §§ 195(1) and (3). Additionally, Plaintiff Vasquez alleges that he was unlawfully retaliated against when he was terminated for asserting claims against the defendants in this action. As a result of the foregoing, Plaintiffs allege that defendants owe them approximately $312,387.88 in unpaid overtime, an equal amount in liquidated damages; and $80,000.00 for defendants' failure to provide Plaintiffs with wage and payroll notices, for a total of approximately $704,775.75. In addition, Plaintiff Vasquez alleges approximately $25,926.01 in retaliation damages; and $50,000.00 in punitive damages for defendants' unlawful retaliation pursuant to the FLSA and NYLL.

The Fitzcon Parties adamantly deny any and all wrongdoing and maintain, among other defenses, that Plaintiffs 1) were not employed by them and/or 2) to the extent any Plaintiffs were employed by any of the Fitzcon Parties, those Plaintiffs were properly paid for all hours worked.

The attached settlement agreement contains a full settlement of all of Plaintiffs' wage and hour claims, inclusive of attorneys' fees and costs. The amount agreed upon reflects a mutual desire to reach an amicable resolution in this matter without additional litigation, and represents a significant recovery for Plaintiffs in light of their alleged damages and the Fitzcon Parties' defenses thereto. The settlement amount also reflects a significant discount to the Fitzcon Parties in the event that Plaintiffs would prevail on all of their claims, which the Fitzcon Parties do not believe would be a likely outcome of the litigation.

**The Proposed Settlement Should Be Approved**

1. The settlement amount is fair and reasonable

The parties' proposed settlement agreement warrants approval as it is fair, reasonable, and equitable. Indeed, the agreement reflects a reasonable compromise of Plaintiffs' FLSA and NYLL claims rather than a mere waiver of statutory rights brought about by Defendants' overreaching. Here, there is no doubt that the settlement did not come about because of overreaching by the Fitzcon Parties. To the contrary, Plaintiffs are represented by competent counsel and the settlement was reached after extensive negotiations between the parties. Moreover, the settlement amount, $45,000.00, results in a recovery to Plaintiffs of $26,190.00. This sum is fair and reasonable given the risk that Plaintiffs would not be awarded any or all of the damages they seek after a trial, and particularly the risk that Plaintiffs would not be able to recover from defendants even if they were awarded a substantial judgment.

2. The settlement agreement was the result of arm's length negotiations by the parties

The proposed settlement is also the product of negotiation between parties represented by experienced wage-and-hour counsel following extensive settlement discussions. In fact, the parties participated in two settlement conferences with the Court, on May 4, 2021, and November 2, 2023. Plaintiffs and the Fitzcon Parties hold opposing views on the merit and value of Plaintiffs' claims;

however, the arm's length bargaining between the represented parties, along with the information exchanged during settlement negotiations, weighs in favor of finding the settlement reasonable. Moreover, nothing in the record before the Court indicates that the proposed settlement has been achieved through fraudulent or collusive conduct. Through discovery and candid discussions between counsel, the parties can assess the strengths and weaknesses of the asserted claims and their respective positions. *See, e.g.*, *Lliguichuzhca v. Cinema 60, LLC*, 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013) ("In considering whether a settlement is fair and reasonable, the principal question is whether the agreement reflects a 'reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching'") (citation and internal quotation marks omitted); *Aponte v. Comprehensive Health Mgmt., Inc.,* 2013 U.S. Dist. LEXIS 47637, at *12 (S.D.N.Y. Apr. 2, 2013) (courts typically "regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement") (citation and internal quotation marks omitted). Furthermore, since Plaintiffs are no longer employed by Defendants, coercion is unlikely. *See, e.g.*, *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012); *Cisneros v. Schnipper Rest. LLC,* 2014 U.S. Dist. LEXIS 2111, at *2-3 (S.D.N.Y. Jan. 8, 2014) ("Although the FLSA places strict limits on an employee's ability to waive claims . . . for fear that employers would [otherwise] coerce employees into settlement and waiver, these concerns are not as relevant when the plaintiffs no longer work for the defendant, as is the case here") (citation and internal quotation marks omitted).

Additionally, after weighing the factors, the settlement should be allowed to proceed, as: (i) Plaintiffs' alleged injuries will not recur as Plaintiffs are no longer employed by any of the Fitzcon Parties (to the extent they ever were); (ii) the Fitzcon Parties explicitly deny any wrongdoing; and (iii) continuing to develop the record will only serve to enlarge costs on both sides and will not serve any useful purpose. *Wolinsky v. Scholastic Inc*., 900 F. Supp. 2d at 335-36.

3. Plaintiffs' counsels' fees are reasonable

Lastly, the parties agree that the settlement amount is a reasonable compromise of all parties' positions, and the proposed amount of attorneys' fees is also fair and reasonable as Plaintiffs' counsel's own compensation does not adversely affect the extent of the relief obtained by counsel on behalf of Plaintiffs. *See Wolinsky,* 900 F. Supp. 2d at 336-37; *Cisek v Natl. Surface Cleaning, Inc.*, 954 F. Supp. 110, 111 (S.D.N.Y. 1997) (finding that the sum sought by plaintiffs' counsel was reasonable, the settlement was untainted by conflict of interest and there was "no reason to conclude that plaintiffs' counsel benefited at the expense of their clients"). Thus, the settlement does not favor Plaintiffs' counsel over Plaintiffs.

Under the proposed agreement, Plaintiffs' counsel would recover $5,715.00 as reimbursement for costs and expenses[2] and $13,095.00 in fees. Under Plaintiffs' contingency fee agreement, Plaintiffs' counsel is entitled to recover, out of Plaintiffs' settlement amount, fees totaling one-third of any amounts recovered on behalf of Plaintiffs after reimbursement of costs and expenses. This fee should be approved, as "[a]n award of one third of the fund is consistent

---

[2] Plaintiffs' costs and expenses are as follows: $402.00 for the initial filing fee; $2,691.00 for service of process; $2,600.00 for data extraction services, and $22.00 for financial records search. The relevant invoices are attached hereto as Exhibit 1.

with what reasonable, paying clients pay in contingency employment cases." *Flores v. Anjost Corp.,* 2014 U.S. Dist. LEXIS 11026, at *25 (S.D.N.Y. Jan. 28, 2014); *see also Rangel v. 639 Grand St. Meat & Produce Corp.,* 2013 U.S. Dist. LEXIS 134207, at *4 (E.D.N.Y. Sept. 19, 2013) ("Pursuant to Plaintiffs' retainer agreement with counsel, the fee is one-third of the settlement amount, plus costs. This fee arrangement is routinely approved by courts in this Circuit."). The proposed fee award of one-third should also be approved because it was consensual and agreed to by Plaintiff. *See Mireku v. Red Vision Sys., Inc.,* 2013 U.S. Dist. LEXIS 172102, at *9-10 (S.D.N.Y. Dec. 6, 2013) (approving settlement and noting the consensual nature of the fee arrangement).

As indicated by Plaintiffs' counsel's time records, Plaintiffs' counsel has spent a total of 315.60 hours on this matter as follows: Kenneth Katz, 5.40 hours; Nicole Grunfeld, 112.20 hours; Adam Sackowitz, 1.00 hours; Katherine Morales, 18.30 hours; Eliseo Cabrera, 149.20 hours; and Jonathan Trinidad-Lira, 28.30 hours. Plaintiffs' counsels' hourly rates - $575.00, $525.00, $435.00, $375.00, $375.00 ; and $325.00, respectively – are reasonable based on their experience and are in line with the rates charged by attorneys in this district. *See Quispe v. Stone & Tile Inc.*, 2022 WL 960926, at *6 (E.D.N.Y. Feb. 1, 2022) (approving hourly rate of $500.00 for a solo practitioner with over 20 years of litigation experience); *see Vega v. K & C Interior Constr. Corp.*, No. 18-CV-00182, 2018 WL 4376486, at *7 (E.D.N.Y. Aug. 28, 2018), *report and recommendation adopted*, No. 18-CV-182 (ARR), 2018 WL 4374911 (E.D.N.Y. Sept. 13, 2018) (noting that courts in the EDNY have awarded hourly rates up to $200 for recent graduates, $300 for associates, and $450 for partners) (citations omitted).

Mr. Katz is the founding member and managing partner of Katz Melinger PLLC, a boutique firm established in 2012. Mr. Katz earned his B.S. in 2000 from the State University of New York at Albany, and his J.D. in 2003 from Hofstra University School of Law, with an award recognizing his achievements in the employment law field. Mr. Katz was admitted to the Bar of the state of New York in 2004 and New Jersey in 2016, and his practice is focused primarily on litigation, with substantial experience handling wage and hour matters.

Ms. Grunfeld is a partner at Katz Melinger PLLC, where she has worked for more than ten years. She earned her B.A. in 1998 from Yale University, and her J.D. in 2004 from New York University School of Law. Ms. Grunfeld was admitted to practice in the courts of New York in 2005 and New Jersey in 2018, and has focused on plaintiffs' employment matters for more than sixteen years. She currently serves as Vice President of the Board of the National Employment Lawyers' Association/New York.

Mr. Sackowitz is the senior associate at the firm. He was admitted to the Bars of the states of California in 2014, New York in 2015, and New Jersey in 2016, and has focused his practice on employment law for more than seven years. Mr. Sackowitz earned his B.S. from Cornell University in 2009 and his J.D. from the University of California at Los Angeles School of Law in 2014.

Ms. Morales is an associate at Katz Melinger PLLC. She earned her B.B.A. from Pace University in 2014 and her J.D. from Georgetown University Law Center in 2017; she was admitted to practice in New York in 2018 and New Jersey in 2020. Prior to joining the firm in

2017, Ms. Morales worked on various employment law matters while maintaining part-time positions with private law firms, universities, and nonprofits. Ms. Morales focuses her practice exclusively on employment law matters.

Mr. Cabrera is an associate at the firm. He earned his B.A from University of California, Berkeley in 2007 and his J.D. from City University of New York School of Law in 2015. Mr. Cabrera has focused his practice on employment law since May 2019 and has been a member in good standing of the New York Bar since 2017.

Mr. Trinidad-Lira is an associate at the firm, having earned his B.A. from Fordham University in 2019 and his J.D. from Seton Hall University School of Law in 2022. Mr. Trinidad Lira has focused his practice on employment law since joining the firm in August 2022. Mr. Trinidad Lira was admitted to practice in New Jersey in 2022 and admitted to the New York Bar in 2023.

The $13,095.00 fee sought by Plaintiffs' counsel is significantly less than Plaintiffs' counsel's "lodestar" amount of $134,905.00 and is therefore reasonable.

Accordingly, we respectfully request judicial approval of the parties' proposed settlement agreement, and further request permission to submit a stipulation of dismissal with prejudice consistent with the requirements of Fed. R. Civ. P. 41(1)(a)(ii).

Respectfully submitted,

*/s/Nicole Grunfeld*
Nicole Grunfeld
Katz Melinger PLLC
370 Lexington Avenue, Suite 1512
New York, New York 10017
T: (212) 460-0047
F: (212) 428-6811
ndgrunfeld@katzmelinger.com
*Attorneys for Plaintiffs*